**EXHIBIT A**

| | |
|---|---|
| DISTRICT COURT, DOUGLAS COUNTY, COLORADO<br>Court Address:<br>4000 Justice Way<br>Castle Rock, CO 80109 | DATE FILED: September 13, 2021 1:02 PM<br>FILING ID: 9B502B401C5AD<br>CASE NUMBER: 2021CV30640 |
| **Plaintiffs:**<br>**THOMAS OVERSTREET, and**<br>**BRADY OVERSTREET**<br><br>v.<br><br>**Defendants:**<br>**ESTATE OF GLENN BENVEGNO,**<br>**FARMINGTON RV SALES, INC., and**<br>**RAY VICKERS AUTO TRANSPORT**, **LLC.** | ▲ Court Use Only ▲<br><br>_____<br><br>Case Number:<br><br>Div.<br>Ctrm.: |
| Attorney for Plaintiffs:<br>    Gary S. Craw, #9673<br>    Gaddis, Herd, Craw & Adams, P.C.<br>    15 W. Cimarron Street, Suite 300<br>    Colorado Springs, CO 80903<br>    Phone: (719) 471-3848<br>    Fax: (719) 471-0317 | |
| **COMPLAINT** | |

COME NOW Plaintiffs, Thomas Overstreet and Brady Overstreet, by and through their attorney, GARY S. CRAW, and for their Complaint against the Defendants allege and state as follows:

**FACTUAL ALLEGATIONS**

1. All the incidents giving rise to this cause of action occurred within the County of Douglas and State of Colorado.

2. On October 5, 2018, at or about 5:47 p.m., Plaintiffs Thomas Overstreet and Brady Overstreet were injured when a truck driven by Glen Benvegno crashed into the rear end of their vehicle as they were driving Northbound on Interstate Highway 25 ( "I-25" below ) in Douglas County, Colorado.

3. The location on I-25 of this collision was at or near Milepoint 167 in Douglas County, Colorado.

4. At the time and place of the collision, I-25 was straight on-grade backtop highway.

5. At the time and place of the collision, there were no adverse road conditions, the highway was dry and it was daylight.

6. At the time and place of the collision, Glen Benvegno was driving a White 2007 Dodge RAM 1500 Pickup Truck, that was owed by Defendant Farmington RV Sales of 1603 Main Street, Farmington, NM and/or Defendant Ray Vickers Auto Transport, LLC of 661 W. Murray, Farmington, NM 87401.

7. At the time and place of the collision, Glen Benvegno was driving said Dodge pickup with the consent and permission of the Defendant-owner(s).

8. At the time and place of the collision, Glen Benvegno was transporting another vehicle, believed to be a Jeep, on a trailer or flatbed.

9. On information and belief, at the time and place of the collision, Glen Benvegno was employed by either or both of Defendants Farmington RV Sales and/or Ray Vickers Auto Transport, LLC.

10. On information and belief, at the time and place of the collision, Glen Benvegno was transporting said trailer and Jeep in the course and scope of his employment with either or both of Defendants Farmington RV Sales and/or Ray Vickers Auto Transport, LLC.

11. Shortly before the collision, Plaintiffs' vehicle was northbound in the left lane of I-25, and was slowing for traffic ahead of it.

12. Shortly before the collision, Plaintiffs' vehicle was traveling at approximately 50 mph in a 75 mph speed limit zone.

13. Before the collision the brake lights on the Plaintiffs' vehicle were in good working order and signaled that the Plaintiffs' vehicle was slowing down.

14. Shortly before the collision the truck Glen Benvegno was driving, was traveling northbound behind the Plaintiffs' vehicle at approximately 70 mph in a in a 75 mph speed limit zone.

15. As the Plaintiffs' vehicle braked and slowed for the traffic ahead Glen Benvegno's truck and trailer continued northbound at the same rate of speed.

16. Despite the congested highway traffic ahead and brake light warnings Glen Benvegno did not slow down, and forcefully crashed the truck he was driving, together with the

trailer and Jeep, into the rear end of the Plaintiffs' vehicle.

17. At the time of this collision of the truck Glen Benvegno was operating was traveling at approximately 70 mph.

18. In the ensuing collision at least one other vehicle was involved.

19. The Colorado State Patrol officer who investigated the crash cited Glen Benvegno for Careless Driving Causing Bodily Injury, *C.R.S. § 42-4-1202(2)(b)*.

20. Since this collision Glen Benvegno passed away of unrelated causes on October 21, 2020.

21. As there was no estate opened after his death, the Plaintiffs duly and lawfully opened the Estate of Glen Benvegno in Farmington New Mexico.

22. On September 9, 2021, the District Court of San Juan County New Mexico, in the Eleventh Judicial District, the Hon. R. David Pederson, District Judge, in the case captioned "In the Matter of the Estate of Glenn Scott Benvegno, Deceased," Cause No. D-1116-PB-2021-00084, issued an Order of Informal Appointment of Personal Representatives, which lawfully appointed Thomas Overstreet and Brady Overstreet as creditors of the estate and interested persons, as Personal Representatives of the Estate of Glenn Scott Benvegno, deceased, without bond, in an unsupervised informal administration; and further ordered that Letters of Administration shall be issued to Thomas and Brady Overstreet. See Order and Letters attached as **EXHIBIT 1**.

## COUNT I: NEGLIGENCE

23. Plaintiffs incorporate by reference paragraphs 1 to 22 above, as if fully restated herein.

24. The above-mentioned collision was the result of the negligent and careless manner in which Glenn Benvegno was operating the vehicle he was driving at the time and place of the above described collision.

25. On information and belief, Defendant Glenn Benvegno was in the course and scope of his employment with either or both Defendant Farmington RV Sales and/or Defendant Ray Vicker's Auto Transport at the time and place of the above described collision.

26. Accordingly, either or both Defendant Farmington RV Sales and/or Defendant Ray Vicker's Auto Transport are vicariously liable to the Plaintiffs under the legal doctrines of *Respondeat Superior* and *Master-Servant* for the above described collision.

27. As a direct and proximate result of the negligence and carelessness of the Defendants, Plaintiff Thomas Overstreet suffered bodily injury to his entire person, including but not limited to, injuries to his head, cognition, jaw, neck, back, ears, right shoulder, right arm and abrasions to his arms and legs. Some of these injuries are permanent in nature and may constitute permanent disability.

28. As a direct and proximate result of the negligence and carelessness of the Defendants, Plaintiff Brady Overstreet suffered bodily injury to his entire person, including but not limited to, injuries to his head, cognition, vision, neck, back, ears, left shoulder, left leg, both ankles and has suffered driving anxiety. Some of these injuries are permanent in nature and may constitute permanent disability.

29. As a further direct and proximate result of the negligence and carelessness of the Defendants, Plaintiff Thomas Overstreet has incurred bills for health care services and treatment the reasonable value of which exceeds $31,000.00, and may incur additional such expenses in the future.

30. As a further direct and proximate result of the negligence and carelessness of the Defendants, Plaintiff Brady Overstreet has incurred bills for health care services and treatment the reasonable value of which exceeds $25,000.00, and may incur additional such expenses in the future.

31. As a further direct and proximate result of the negligence and carelessness of the Defendants, Plaintiff Thomas Overstreet has suffered in the past, and will suffer in the future, physical pain and suffering, emotional distress, loss of the enjoyment of life, loss of earnings capacity, loss of capacity to perform household work, inconvenience and physical impairment, disability, disfigurement and scarring.

32. As a further direct and proximate result of the negligence and carelessness of the Defendants, Plaintiff Brady Overstreet has suffered in the past, and will suffer in the future, physical pain and suffering, emotional distress, loss of the enjoyment of life, loss of earnings capacity, loss of capacity to perform household work, inconvenience and physical impairment, disability, disfigurement and scarring.

WHEREFORE, the Plaintiffs request that judgment be entered for each of them against the Defendants for all reasonable compensatory damages allowed by law, court costs, expert witness fees, interest as provided by law, and such further relief as the Court deems proper.

## COUNT II.  NEGLIGENCE *PER SE*

33. Plaintiffs incorporate by reference paragraphs 1 to 32 above, as if fully restated herein.

34. Defendant Glenn Benvegno's driving conduct at the time of the above-described collision was in violation of *C.R.S. § 42-4-1402 (2)(b)*, the Careless Driving Statute and *C.R.S. § 42-4-1008*, and amounts to negligence *per se*.

WHEREFORE, the Plaintiffs request that judgment be entered for each of them against Defendants for all reasonable compensatory damages allowed by law, costs, expert witness fees, interest as provided by law and such further relief as the Court deems proper.

Respectfully submitted this 13th day of September 2021.

**GADDIS, HERD, CRAW & ADAMS, P.C.**

*Signed Original on File at Gaddis, Herd, Craw & Adams, P.C.*

By:  */s/ Gary S. Craw*
**Gary S. Craw**  #9673
Attorneys for the Plaintiffs
15 W. Cimarron, Suite 300
Colorado Springs, CO 80903
Phone: (719) 471-3848

Plaintiffs' Address:
5442 Killen Ave.
Castle Rock, CO 80104